# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 06-1014

ARMANDO NUNEZ,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 C 3385—**Harry D. Leinenweber**, *Judge.*

SUBMITTED JULY 19, 2006—DECIDED JULY 31, 2007

Before EASTERBROOK, *Chief Judge*, and BAUER AND
COFFEY, *Circuit Judges.*

EASTERBROOK, *Chief Judge.* Charged with multiple
cocaine offenses, Armando Nunez negotiated a plea
bargain: the prosecutor dismissed all counts but one
and recommended a sentence at the lowest point in the
Guideline range. As part of the deal, Nunez agreed not to
appeal or file a collateral attack unless the sentence
exceeded the statutory maximum or the waiver clause
itself should be deemed invalid. The sentence of 160
months' imprisonment followed the prosecutor's recom-
mendation and is well under the statutory maximum. See
21 U.S.C. §841(b). Nunez has never argued that the
waiver is invalid. Nonetheless, he told his lawyer to appeal

(or so he says; the assertion has been contested, but we shall assume that Nunez did ask). When the lawyer balked, he filed this collateral attack under 28 U.S.C. §2255 charging counsel with providing ineffective assistance.

Although Nunez never asked the district court for leave to withdraw the plea—and in open court assured the judge that the deal was satisfactory and his assent voluntary—he now maintains that the guilty plea was involuntary because he could not understand what his lawyer told him out of court. If the plea was involuntary, then the waiver falls because it is part of the whole package. See *United States v. Wenger*, 58 F.3d 280 (7th Cir. 1995). But the lack of a motion to withdraw the plea means that Nunez must overcome that forfeiture by showing cause and prejudice. (On direct appeal the standard would have been plain error, see *United States v. Vonn*, 535 U.S. 55 (2002), but on collateral attack the forfeiture is complete and the petitioner must meet the higher standard of cause and prejudice. See *United States v. Frady*, 456 U.S. 152 (1982).) Nunez would lose on *any* standard, however, as the district judge concluded.

Nunez contends that he speaks no English, and that, because during some consultations with his counsel an interpreter was not present (or was not used), he could not understand what counsel told him and therefore did not comprehend the plea bargain's terms. That assertion is inconsistent with assurances given to the judge, under oath, when entering the plea. Nunez told the judge—through an interpreter—that he fully understood the plea and the bargain's terms. The judge asked him detailed questions; his answers evinced knowledge. His counsel explained to the court how the plea had been negotiated and that Nunez often spoke in English and understood their exchanges when interpreters were not present (or were not employed). Nunez told the judge that this was correct.

Defendants cannot obtain relief by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity. See, e.g., *United States v. Peterson*, 414 F.3d 825, 826–27 (7th Cir. 2005); *United States v. Stewart*, 198 F.3d 984 (7th Cir. 1999); *United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir. 1995); *United States v. Ellison*, 835 F.2d 687, 692–93 (7th Cir. 1987). Nunez offers no reason at all; his appellate briefs simply ignore what he told the judge in open court. What is more, if, as the record demonstrates, Nunez fully understood the bargain's terms by the time he stood before the judge, it doesn't make any difference whether he understood all of what his lawyer had said earlier. The plea was voluntary.

Because the plea was voluntary, the waiver must be enforced. And that waiver knocks out Nunez's argument that his lawyer failed to follow his direction to file an appeal. The waiver has only two exceptions: an illegally high sentence, and a defect in the waiver itself. A claim of post-sentencing ineffective assistance falls squarely within the waiver.

In saying this, we recognize that six courts of appeals have held that a waiver of appeal does not relieve counsel of the duty to file a notice of appeal on his client's request. See *United States v. Campusano*, 442 F.3d 770, 772–77 (2d Cir. 2006); *United States v. Poindexter*, 2007 U.S. App. LEXIS 15360 (4th Cir. June 28, 2007); *United States v. Tapp*, 2007 U.S. App. LEXIS 15343 (5th Cir. June 28, 2007); *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1195–99 (9th Cir. 2004); *United States v. Garrett*, 402 F.3d 1262, 1265–67 (10th Cir. 2005); *Gomez-Diaz v. United States*, 433 F.3d 788, 791–94 (11th Cir. 2005). These decisions all rely on the holding of *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), that a criminal defendant has a statutory right to appellate review, and that when counsel utterly frustrates

that right by failing to appeal on his client's request, counsel's performance is automatically ineffective. A lawyer who does not show up for trial might as well be a moose, and giving the defendant a moose does not satisfy the sixth amendment. See *United States v. Cronic*, 466 U.S. 648 (1984). The same understanding applies when the lawyer does not show up for appeal.

There is much to be said for this position, because waivers of appeal are not airtight. As we have already observed, a waiver stands or falls with the plea bargain of which it is a part. A defendant who wants a lawyer to argue on appeal that the plea was involuntary has a right to that legal assistance. Moreover, waivers of appeal have different scope. Some—for example, the waiver in *Poindexter*—concern only the sentence; an appeal that calls the conviction itself into question is not foreclosed by such a waiver. Had the district judge imposed a sentence higher than the statutory maximum, Nunez too could have appealed.

A rule that a lawyer must file an appeal on demand, and let the court of appeals sort out whether the defendant is entitled to appellate review, avoids any need to make nice distinctions during the 10 days allowed for appeal (or on collateral review if the lawyer fails to file the notice). Simplicity is a virtue, and a mechanical rule ("On request, file a notice of appeal") could be a good addition to the Federal Rules of Criminal Procedure whether or not the Constitution demands this outcome.

We confess to some doubt about the constitutional reasoning of the circuits that have located in the sixth amendment a rule that a lawyer is the client's puppet. In *Roe* the Court remarked that a failure to file a notice of appeal "cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's

wishes." 528 U.S. at 477. Usually that's true, for an appeal can help but not harm the defendant. But filing cannot be called "ministerial" when the defendant has waived any entitlement to appeal, not only in the plea agreement but also in open court. See Fed. R. Crim. P. 11(b)(1)(N). There is no constitutional entitlement to revoke a waiver; to the contrary, waivers must be enforced even if the defendant changes his mind. A defendant who waits past the time for appeal (10 days in federal court) to ask his lawyer to proceed cannot expect that this will be done as a "purely ministerial" task, for after 10 days there is no longer a right to appeal; likewise there is no longer a right to appeal following a waiver.

Far from having a ministerial duty to follow his client's (latest) wishes, a lawyer has a duty to the judiciary to avoid frivolous litigation—and an appeal in the teeth of a valid waiver is frivolous. A lawyer also has a duty to his client to avoid taking steps that will cost the client the benefit of the plea bargain. (That's another reason why filing a notice of appeal, if the client has surrendered that right in exchange for something he values more, such as a shorter sentence, can't be called a "ministerial duty.") A lawyer might have a responsibility to file an appeal if the client indicated a desire to withdraw the plea, for that amounts to a declaration by the defendant of willingness to give up the plea's benefits, and withdrawal would abrogate the waiver too; but Nunez (who had not moved to withdraw the plea) does not contend that he told his lawyer that he had any desire to achieve that goal by an appeal.

Ordinarily a lawyer cannot make an independent decision about whether an appeal would be frivolous but must follow the procedure outlined in *Anders v. California*, 386 U.S. 738 (1967), and proceed as an advocate until the judiciary agrees with counsel's belief that more litigation would be frivolous. As we explained in *United States v.*

*Eskridge*, 445 F.3d 930, 932 (7th Cir. 2006), however, the *Anders* procedure is required only when there is a right to appeal (and thus a right to have counsel act as an advocate *on* appeal). Nunez gave up his right to appeal, and with it the foundation for the *Anders* approach.

With the waiver in force, counsel's duty to protect his client's interests militates against filing an appeal. *United States v. Whitlow*, 287 F.3d 638 (7th Cir. 2002), and *United States v. Hare*, 269 F.3d 859 (7th Cir. 2001), hold that, when a defendant violates a plea agreement by appealing despite a promise not to do so, the prosecutor may withdraw concessions made as part of the bargain. The prosecutor made substantial concessions to Nunez. An appeal could have put them in jeopardy, allowing the prosecutor to reinstate the two dismissed charges or ask the district court to increase the sentence on the existing conviction. If it did nothing else, an appeal would have demonstrated that Nunez had *not* accepted responsibility and would have entitled the judge to rescind the discount under U.S.S.G. §3E1.1. A defendant has more reason to protest if a lawyer files an appeal that jeopardizes the benefit of the bargain than to protest if the lawyer does nothing—for "nothing" is at least harmless.

The sort of appeal that the Supreme Court considered in *Roe* is one where the defendant can gain but not lose. The sort of appeal that Nunez wanted to take was one by which he could lose but not gain. Protecting a client from a lay-person's folly is an important part of a lawyer's job. It will not do to reply, along the lines of *Roe*, that whether to appeal is a decision entrusted to the defendant personally, on which the lawyer may give advice but not act unilaterally. Nunez *had* made a personal decision—a decision not to appeal. That's what the waiver was all about. As we've stressed, a defendant has no right to countermand such a formal choice, and a lawyer faced with

inconsistent instructions by his client does not have a "ministerial" duty to follow one rather than the other. The lawyer's duty is to do what's best for the client, which usually means preserving the benefit of the plea bargain.

But we need not decide whether these arguments are a sufficient response to the mandatory-appeal-notwith-standing-the-waiver-of-appeal approach that our colleagues in other circuits have derived from *Roe*. For there remains the question whether Nunez is entitled to relief based on a conclusion that his lawyer furnished ineffective assistance after the district judge pronounced sentence. Recall that the waiver Nunez negotiated forswears not only a direct appeal but also any opportunity to wage a collateral attack. Ineffective assistance before the plea's acceptance might spoil the plea's validity and thus undermine the waiver. But ineffective assistance *after* the plea (indeed, after the sentence's imposition) cannot retroactively make the plea invalid. Waivers of appeal block constitutional as well as statutory arguments. See *United States v. Behrman*, 235 F.3d 1049 (7th Cir. 2000).

If the plea (and thus the waiver) is valid, an argument that counsel furnished ineffective assistance is among the foreclosed theories. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999), holds that a claim of ineffective assistance may be open under §2255, but that "the right to mount a collateral attack . . . survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." See also *United States v. Joiner*, 183 F.3d 635, 644–45 (7th Cir. 1999). Nunez's challenge to his lawyer's handling of the appeal has nothing to do with the negotiation of the waiver. Thus Nunez's waiver must be enforced and his collateral attack dismissed whether or not his lawyer should have filed an appeal on demand.

AFFIRMED

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*