NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted September 26, 2007
Decided October 3, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** JOHN L. COFFEY, Circuit Judge

**Hon.** JOEL M. FLAUM, Circuit Judge

| | |
|---|---|
| No. 06-4342 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | No. 04-CR-201 |
| EVERARDO M. MARTINEZ, *Defendant-Appellant*. | Lynn Adelman, *Judge*. |

## Order

Everardo Martinez pleaded guilty to distributing cocaine and has been sentenced to 96 months' imprisonment. 18 U.S.C. §841(a)(1). A waiver of appeal—except on several grounds not now relevant—was part of the agreement. Despite the waiver, Martinez directed the clerk of the district court to file a notice of appeal on his behalf. His appointed lawyer now seeks permission to withdraw, explaining in a filing under *Anders v. California*, 386 U.S. 738 (1967), that he thinks the appeal frivolous in light of the waiver. Martinez has not accepted our invitation to respond to counsel's submission. See Circuit Rule 51(b).

A waiver of appeal stands or falls with the plea to which it pertains. See *Nunez v. United States*, 495 F.3d 544 (7th Cir. 2007) (collecting authority). So there are two possible ways to proceed with an appeal. Martinez either can argue that the plea is involuntary and must be set aside (and, if so, the waiver would go with it), or can present an argument within the scope of the exceptions to the waiver. Counsel tells us that she has consulted with Martinez, and that he does not want to advance ei-

ther argument. He stands by his plea of guilty. This means, however, that the appeal is frivolous. See *United States v. Wilson*, 481 F.3d 475, 483 (7th Cir. 2007).

Counsel suspects that Martinez, who has expressed dissatisfaction with the performance of his former lawyer, may want to argue that he has received ineffective assistance of counsel. As we observed in *Nunez*, however, such an argument is barred by the waiver as long as the plea was voluntary—and because Martinez does not want to withdraw his plea of guilty, he has waived any opportunity to contest the quality of the legal assistance he received.

The motion to withdraw is granted, and the appeal is dismissed as frivolous.