NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 29, 2007
Decided December 5, 2007

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-3429

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> DELRICO J. NELSON, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Central District of Illinois <br><br> No. 04-10073-001 <br><br> Michael M. Mihm, <br> *Judge.* |

**O R D E R**

Delrico Nelson pleaded guilty to possession with intent to distribute crack cocaine. *See* 21 U.S.C. § 841(a)(1). The district court sentenced him to 192 months' imprisonment. Nelson filed a notice of appeal, but newly appointed appellate counsel has moved to withdraw because she cannot discern a nonfrivolous issue for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Nelson has responded to counsel's submission. *See* Cir. R. 51(b). Counsel's supporting brief is facially adequate, so we limit our review to those potential issues identified by counsel and Nelson. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Nelson's comprehensive plea agreement includes an appeal waiver barring him from challenging "on any ground whatever" his conviction or any sentence

within the statutory maximums. An appeal wavier must be enforced if entered into as part of a voluntary guilty plea, *Nunez v. United States*, 495 F.3d 544, 545-46 (7th Cir. 2007); *United States v. Woolley*, 123 F.3d 627, 632 (7th Cir. 1997), and so counsel first considers whether Nelson could argue that the district court did not substantially comply with Federal Rule of Criminal Procedure 11 in taking Nelson's guilty plea. *See* Fed. R. Crim. P. 11; *Schuh*, 289 F.3d at 975 (explaining that substantial compliance with Rule 11 ensures that guilty plea is voluntary). Nelson told counsel that he wants his plea set aside. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). But he never moved to withdraw his guilty plea in the district court, so we would review the plea colloquy only for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Villarreal-Tamayo*, 467 F.3d 630, 632 (7th Cir. 2006).

The district court assured itself that Nelson understood the charge against him and the maximum and minimum penalties. The court also verified that Nelson was pleading guilty of his own volition, and that he understood the rights he would forfeit by not going to trial. *See United States v. Blalock*, 321 F.3d 686, 688-89 (7th Cir. 2003). The court parsed the written plea agreement to ensure that Nelson understood each term, including the appeal waiver. *See Woolley*, 123 F.3d at 632-33. Because we discern no error—let alone plain error—in the colloquy, we agree with counsel that any challenge to the voluntariness of Nelson's guilty plea would be frivolous. That conclusion, in turn, renders his appeal waiver valid, and any challenge to his conviction or sentence frivolous.

Because the appeal waiver is valid, we do not address the other potential arguments counsel and Nelson have identified. Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.