**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 6, 2008[*]
Decided February 6, 2008

By the Court:

No. 07-2289

| | |
|---|---|
| TERENCE B. RICHARDS,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>DANIEL KLEINHUBERT and<br>COUNTY OF LAKE, ILLINOIS,<br>    *Defendants-Appellees*. | Appeal from the United States District<br>Court for the Northern District of<br>Illinois, Eastern Division<br><br>No. 07 C 1732<br><br>Suzanne B. Conlon,<br>*Judge*. |

**O R D E R**

Terence Richards lost thousands of dollars to an acquaintance, Donald Harrington. Richards complained to law enforcement, and Harrington was arrested and charged in Lake County, Illinois, with felony theft. Harrington negotiated a plea agreement with Assistant State's Attorney Daniel Kleinhubert, which allowed him to plead guilty to the lesser charge of misdemeanor theft and avoid paying any restitution to Richards. Angered by this, Richards sent numerous threatening emails to Kleinhubert and others involved in the events leading to the prosecution of Harrington. Richards was then himself arrested by federal authorities. He pleaded guilty to two counts of transmitting threatening communications in

---

[*] Because of the procedural posture of this case (it was dismissed on preliminary screening prior to service), the defendants are not participating in this appeal. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

interstate commerce, *see* 18 U.S.C. § 875(c), and is currently serving a thirty-month sentence.

Richards then sued Kleinhubert and the county under 42 U.S.C. § 1983. He essentially claims that Kleinhubert erroneously believed he was stalking Harrington and, as a consequence, violated his Fourteenth Amendment rights by refusing to consult him during the prosecution of Harrington. *See Rights of Crime Victims and Witnesses Act*, 725 ILCS 120/4 (establishing that victims of violent crime in Illinois have right under Illinois statute to communicate with state prosecutor). Richards also makes the patently frivolous claim that Kleinhubert infringed his First Amendment right to free exercise of religion by breaking one of the Ten Commandments, "Thou Shall Not Stand False Witness." Richards alleges that these events occurred between October 2002 and January 22, 2004.

The district court dismissed the case pursuant to 28 U.S.C. § 1915A(b)(1), counting it as a strike. *See id.* § 1915(g). First, the district court concluded that Richards's suit is time-barred. Richards tendered his complaint on March 28, 2007, past the two-year statute of limitations for § 1983 claims arising in Illinois. *See* 735 ILCS 5/13-202; *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005). And even if the complaint was timely, the court continued, it fails to state a claim because prosecutors acting within the scope of their duties in initiating and pursuing criminal charges are absolutely immune from civil damages under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Levy v. Pappas*, No. 06-3182, 2007 U.S. App. LEXIS 29536, at *22-23 (7th Cir. Dec. 21, 2007). Moreover, the court explained, Richards does not assert any claim against Lake County that is premised on a theory of liability other than respondeat superior, so neither could he recover from the county because there is no vicarious liability under § 1983. *See Pacelli v. DeVito*, 972 F.2d 871, 878 (7th Cir. 1992).

On appeal Richards first contends that the two-year statute of limitations should not bar his complaint. Richards says that he never knew about the Illinois crime victims' statute during the Harrington prosecution, and thus was unaware at the time that Kleinhubert was violating his statutory rights. *See* 725 ILCS 120/1-120/9. According to Richards, his cause of action did not accrue until he learned about the statute's provisions.

Richards's argument is meritless. Although a federal complaint "need not anticipate or overcome affirmative defenses such as the statute of limitations," dismissal on that basis is appropriate when the plaintiff effectively pleads himself out of court by alleging facts that are sufficient to establish the defense. *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006); *see also* FED. R. CIV. P. 8. It is apparent from Richards's complaint and from his brief in this court that the events he complains of occurred well outside the statute of limitations. A § 1983 claim

accrues on "the date that the plaintiff knew or should have known that his constitutional rights had been violated." *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). Richards obviously knew during the limitations period that Kleinhubert had refused to communicate with him during the Harrington case; that Richards may not have understood the legal significance of that refusal is not sufficient to prove that his claim accrued later than the date of his injury. *See Sides v. City of Champaign*, 496 F.3d 820, 826 (7th Cir. 2007).

In light of the above, we need not address Richards's remaining contentions. The judgment of the district court is AFFIRMED. We further note that this appeal counts as an additional strike against Richards, and that he now has incurred more than three strikes. *See* 28 U.S.C. § 1915(g); *George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007); *In re: Richards*, No. 07-3158 (7th Cir. Sept. 21, 2007); *Richards v. United States*, No. 07 C 50062 (N.D. Ill. July 31, 2007); *Richards v. Flynn*, No. 07 C 1528 (N.D. Ill. July 17, 2007). Should Richards attempt to file any further civil litigation in any federal court without prepaying all required fees, or meeting the imminent-danger standard of § 1915(g), we will enter an order under *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)*,* precluding him from filing further civil suits whether or not he pays in advance.