**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 13, 2008
Decided February 14, 2008

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-2564

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | |
| HOMERO H. HERNANDEZ, *Defendant-Appellant.* | No. 06-CR-328 |
| | William C. Griesbach, *Judge.* |

## O R D E R

Law enforcement officers, acting on an informant's tip, detained Homero Hernandez and Felipe Lara-Diaz as the two men departed in separate vehicles from a stash house they used in their drug business.  The officers found three pounds of marijuana in the backseat of Hernandez's truck and a small amount of marijuana in Lara-Diaz's car.  They then searched the stash house, where they found a small amount of cocaine in the kitchen as well as five pounds of marijuana and four kilograms of cocaine in a car parked in the garage.  Hernandez was charged in federal court with six counts relating to the drugs and pleaded guilty to conspiracy to possess and distribute cocaine and marijuana.  *See* 21 U.S.C. §§ 846, 841(a)(1). He conceded that the conspiracy involved at least five kilograms of cocaine, which triggered a statutory-minimum term of 10 years' imprisonment, *see id.* § 841(b)(1)(A)(ii), and the district court sentenced him to the minimum term.

As part of his plea agreement, Hernandez waived his right to appeal his sentence except on limited grounds not relevant here. Hernandez nevertheless filed a notice of appeal, but his appointed lawyers (Jonathan E. Hawley and Johanna M. Christiansen of the Federal Public Defender's Office for the Central District of Illinois) move to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because they cannot discern any nonfrivolous ground for appeal. Hernandez did not accept our invitation to respond to his lawyers' submission. *See* CIR. R. 51(b). Limiting our review to the potential issues identified in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002), we grant counsel's motion and dismiss the appeal.

In their *Anders* submission, counsel first address whether Hernandez might argue that his guilty plea was not voluntary and should be set aside. This discussion is appropriate because Hernandez has told counsel that he wants his guilty plea vacated. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2001). But Hernandez did not move to withdraw his guilty plea in the district court, so our review would be for plain error. *See United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003).

An argument that it was plain error for the district court to accept Hernandez's plea would be frivolous, though, because during the plea colloquy the court substantially complied with Federal Rule of Criminal Procedure 11. *See id.* at 688-89; *Schuh*, 289 F.3d at 975. In particular, the district court ensured that Hernandez was pleading guilty of his own volition, that he understood the conspiracy charge and possible penalties, that there was a factual basis for his plea, and that he understood the rights he was giving up, including the right to appeal. *See* FED. R. CRIM. P. 11(b)(1), (2), (3). Hernandez's lawyers note minor omissions in the plea colloquy, but correctly explain that none would rise to the level of plain error. Hernandez was not harmed when the court failed to inform him that the government could use any of his statements in a prosecution for perjury or false statement, *see* FED. R. CR. P. 11(b)(1)(A), because there is no such current or prospective prosecution against him. *See United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996). Nor was Hernandez harmed by the court's failure to tell him he could plead not guilty, *see* FED. R. CR. P. 11(b)(1)(B), because he knew he had that right; he had exercised it before changing his plea to guilty. *See Knox*, 287 F.3d at 670. And, finally, it was harmless error for the court to fail to inform Hernandez of his right against self-incrimination, *see* FED. R. CR. P. 11(b)(1)(E), as that right is spelled out in the plea agreement. *See United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001).

Since we have already held that a voluntariness challenge to his plea would be frivolous, it would be similarly frivolous for Hernandez to challenge the appeal waiver included in the agreement accepted along with that plea. *See Nunez v. United* States, 495 F.3d 544, 545-46 (7th Cir. 2007). Thus, we need not address counsels' further arguments that even apart from the waiver, any possible sentencing issues would be frivolous.

For the foregoing reasons, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.