**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2008
Decided February 14, 2008

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-3346

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* <br><br>     *v.* <br><br> RONALD FOSTER, <br>     *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Indiana, Terra Haute Division <br><br> No. 06CR00020 <br><br> Larry J. McKinney, <br> *Judge.* |

**O R D E R**

Ronald Foster pleaded guilty to possession of a prohibited object in prison and received a 30-month sentence to run consecutively with the term he was already serving. He filed a notice of appeal, but appointed counsel moves to withdraw under *Anders v. California,* 386 U.S. 738 (1967), because counsel cannot discern any nonfrivolous ground for appeal. Foster accepted our invitation to respond to his lawyer's submission. *See* CIR. R. 51(b). Limiting our review to the potential issues identified in counsel's facially adequate brief and in Foster's submission, *see United States v. Schuh,* 289 F.3d 968, 973-74 (7th Cir. 2002), we grant counsel's motion and dismiss the appeal.

While Foster was incarcerated at the Federal Correctional Institution in Terra Haute, Indiana, a prison guard saw him pull something from his waistband and throw it to the ground. The guard retrieved the object, which he discovered

was a sharpened piece of wood one inch wide and six-and-three-quarter inches long. Before any criminal prosecution, the Bureau of Prisons charged Foster with a disciplinary violation to which he admitted when he appeared before the Unit Disciplinary Committee and later before a Disciplinary Hearing Officer. In an interview with Special Investigative Agent Eric Jaeger, he again admitted to having possessed the object.

When the government later brought criminal charges against Foster for possession of a prohibited object in prison, *see* 18 U.S.C. § 1791(a)(2), Foster sought to suppress his multiple admissions of guilt as involuntary. He testified at the suppression hearing that one of the two BOP employees who comprised the Committee promised him that if he admitted the disciplinary violation he would not be criminally prosecuted. He also testified that the Disciplinary Hearing Officer and Agent Jaeger both repeated the promise. Foster claimed that he admitted to having the object only because he believed that doing so would relieve him from prosecution. And he also claimed that Jaeger gave him incomplete *Miranda* warnings telling him, "you have a right to an attorney present, but you don't need no attorney present, do you?"

At the suppression hearing, the members of the Disciplinary Committee, the Hearing Officer, and Jeager also testified. One Committee member specifically asserted that she did not tell Foster that he would avoid prosecution if he confessed and did not hear anyone else make a similar promise. The other member of the Committee as well as the Disciplinary Hearing Officer did not have specific memories of Foster, but both testified that they had never made such a promise to an inmate. Jaeger testified that he properly advised Foster of his *Miranda* rights, that he made no promises to Foster regarding prosecution, and that Foster signed a *Miranda*-waiver form before admitting to possessing the object. The district court found all four government employees to be credible and Foster's testimony to be incredible. Thus, the district court held, his statements were voluntary and would not be suppressed. Foster then pleaded guilty.

In his *Anders* submission, counsel identifies the denial of Foster's motion to suppress as the sole potential ground for appeal. This is appropriate as Foster's plea agreement contains a facially valid waiver of his right to appeal on "any ground" except the denial of his motion to suppress. We will enforce an appeal waiver that was entered into as part of a voluntary guilty plea, *Nunez v. United States*, 495 F.3d 544, 545-46 (7th Cir. 2007), and neither counsel nor Foster himself suggest that his guilty plea was anything but voluntary.

Regarding the denial of Foster's motion to suppress, counsel first notes, correctly, that it would be frivolous to ask that we reverse the district court's credibility findings. We would reverse a credibility finding only if it were

unbelievable as a matter of law; that is, if it were "impossible under the laws of nature." *United States v. Ortiz*, 431 F.3d 1035, 1039 (7th Cir. 2005). Under this standard, Foster could not reasonably argue that his statements were not voluntary or did not follow proper *Miranda* warnings. Thus, it would be frivolous to argue that failing to suppress the statements was error.

In his own submission, Foster first argues that the district court's ruling on his suppression motion was not supported by sufficient evidence and he argues against the *Anders* procedure generally. His sufficiency-of-evidence challenge is frivolous. If testimony of a single eyewitness is sufficient to support a determination of fact underlying guilt, *Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005), then the testimony of four eyewitnesses is sufficient to support a factual determination underlying the denial of a suppression motion. Thus, Foster cannot demonstrate anything approaching the clear error required for us to disturb factual findings underlying a denial of a suppression motion. *United States v. Riley*, 493 F.3d 803, 808 (7th Cir. 2007). And the Supreme Court has already rejected Foster's objections to the *Anders* procedure. *See, e.g.*, *Smith v. Robbins*, 528 U.S. 259 (2000).

Finally, Foster points out that he "agreed to plead guilty only if his right to bring the suppression claim before the appeals court [was retained]." He seems to believe that his counsel's *Anders* filing has denied him the benefit of his plea bargain. Not so. Both we and Foster's counsel have actually considered the possibility of an appeal of the suppression claim, and we agree with counsel that it would be frivolous. But no defendant has the right to bring a frivolous appeal, *United States v. Bullion*, 466 F.3d 574, 575 (7th Cir. 2006), and the reservation of an issue for appeal in a plea bargain cannot possibly trump a lawyer's ethical duty not to present frivolous arguments, *see McCoy v. Court of Appeals*, 486 U.S. 429, 436 (1998); *United States v. Gomez*, 24 F.3d 924, 926 (7th Cir. 1994).

Foster's only potentially nonfrivolous claim—and we do not suggest that the facts would support it because we do not know them—would be that his guilty plea was involuntary because it was based on a false assurance by counsel that a viable appeal was in the offing. But any such claim—if Foster did indeed wish to make it—is best pursued as ineffective assistance of counsel and Foster states in his submission that he is not claiming ineffective assistance at this stage. Besides, doing so would be more appropriate in a collateral proceeding under 28 U.S.C. § 2255 where a fuller record may be developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

For the foregoing reasons, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.