NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 20, 2008
Decided February 26, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 07-1429

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division |
| *v.* | No. 06 CR 233 |
| TERENCE B. RICHARDS, *Defendant-Appellant*. | Philip G. Reinhard, *Judge*. |

**O R D E R**

Terence Richards pleaded guilty to two counts of transmitting a threatening communication in interstate commerce. *See* 18 U.S.C. § 875(c). The charges arose from a flurry of e-mails Richards had sent to a state prosecutor and to the trustee in his Chapter 7 bankruptcy case. Richards was angry that the prosecutor had accepted a misdemeanor rather than a felony plea from Richard's friend who refused to return a substantial sum of money Richards entrusted him with before filing for bankruptcy. Richards also was angry that the trustee had reopened the bankruptcy case when Richards told him—post discharge—that he and the friend had committed bankruptcy fraud. Richards was sentenced to a total of 30 months' imprisonment and three years' supervised release. Richards filed a notice of appeal, but his appointed counsel now moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to discern a nonfrivolous basis for the appeal. Counsel's supporting brief is adequate, and Richards has responded to our invitation under Circuit Rule 51(b) to comment on counsel's submission.

We limit our review to the potential issues identified in counsel's brief and Richards's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

As part of his plea agreement Richards promised not to appeal his convictions or sentence. An appeal waiver must be enforced if entered into as part of a voluntary guilty plea, *Nunez v. United States*, 495 F.3d 544, 545-46 (7th Cir. 2007); *United States v. Woolley*, 123 F.3d 627, 632 (7th Cir. 1997), and so counsel first evaluates whether Richards has a basis for challenging his pleas. (Richards was noncommittal when counsel asked if he wants his guilty pleas set aside, but in his Rule 51(b) response Richards assures us that he does. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002)). Richards never moved to withdraw his guilty pleas in the district court, and thus our review of the plea colloquy would be limited to a search for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Villarreal-Tamayo*, 467 F.3d 630, 632 (7th Cir. 2006).

Counsel did not identify any flaw in the plea colloquy, *see* FED. R. CRIM. P. 11(b), but as Richards points out in his Rule 51(b) response, there was one notable mistake: the district court told him that he was subject to a maximum of 5 years' imprisonment and one year of supervised release for each count when in fact he could receive up to three years' supervised release. *See* 18 U.S.C. §§ 875(c), 3559(a)(4), 3583(b)(2). But because the 30 months' imprisonment and 3 years' supervised release he received are together less than the maximum prison time the court warned he could get, the mistake regarding the term of supervised release was harmless. *See Schuh*, 289 F.3d at 274; *United States v. Elkins*, 176 F.3d 1016, 1021-22 (7th Cir.1999). And since otherwise the plea colloquy substantially complied with Rule 11, we agree with counsel's conclusion that any appellate challenge to the guilty pleas would be frivolous. It follows that Richards's appeal waiver must be enforced.

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.