NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 30, 2008
Decided April 30, 2008

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-3326

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 07-40013-001 |
| FREDDIE LEE STANLEY, *Defendant-Appellant*. | Joe Billy McDade, *Judge*. |

**O R D E R**

Freddie Lee Stanley pleaded guilty to one count of conspiracy to distribute crack cocaine, 21 U.S.C. §§ 846, 841(a)(1), and three counts of distribution of crack, *id*. § 841(a)(1). The conspiracy involved at least 50 grams of crack, which triggered a mandatory term of 10 years on that count. *Id*. 21 U.S.C. § 841(b)(1)(A)(vi). The district court sentenced Stanley to 10 years on each count, to run concurrently. Stanley appeals, but his appointed counsel has moved to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Stanley to respond to counsel's motion, *see* Cir. R. 51(b), and he has done so. Our review is limited to the potential issues identified in counsel's facially adequate brief and in Stanley's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

In his *Anders* brief counsel identifies only one potential issue: whether Stanley's overall prison sentence is reasonable. We agree with counsel that any argument challenging the 10-year term would be frivolous because that was the statutory minimum for the conspiracy count, and the remaining counts were to run concurrently. *See United States. v. Duncan*, 479 F.3d 924, 930 (7th Cir. 2007); *United States v. Lee*, 399 F.3d 864, 866 (7th Cir 2005). Even though the sentencing guidelines are advisory after *United States v. Booker*, 543 U.S. 220 (2005), statutory penalties are not, *see Duncan*, 479 F.3d at 930.

However, none of this matters because, as part of his plea agreement, Stanley promised not to appeal his convictions or sentence. An appeal waiver must be enforced if entered into as part of a voluntary guilty plea. *See Nunez v. United States*, 495 F.3d 544, 545-46 (7th Cir. 2007). Counsel does not address whether Stanley wants his guilty pleas set aside, and Stanley's response is ambiguous on that issue. Therefore, the voluntariness of Stanley's pleas is not a potential issue. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002); *United States v. Torres*, 482 F.3d 925, 925 (7th Cir. 2007). In any event, Stanley did not move to withdraw his guilty pleas in the district court, so our review would be for plain error. *Schuh*, 289 F.3d at 974. And we discern no error, plain or otherwise. The plea colloquy substantially complied with Federal Rule of Criminal Procedure 11, *see United States v. Blalock*, 321 F.3d 686, 688-89 (7th Cir. 2003), and therefore any argument challenging the voluntariness of Stanley's pleas would be frivolous and his appeal waiver must be enforced.

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.