Cite as: 554 U. S. ____ (2008)     1

# SUPREME COURT OF THE UNITED STATES

## TWAN STEPHENSON *v.* UNITED STATES

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

No. 07–9267.   Decided June 23, 2008

The motion of petitioner for leave to proceed in forma pauperis and the petition for a writ of certiorari are granted.  The judgment is vacated and the case is remanded to the United States Court of Appeals for the Seventh Circuit for further consideration in light of the position asserted by the Solicitor General in his brief for the United States filed May 12, 2008.

JUSTICE SCALIA, with whom THE CHIEF JUSTICE and JUSTICE THOMAS join, dissenting.

Petitioner pleaded guilty to distributing crack cocaine. He waived "'all appellate issues that might have been available if he had exercised his right to trial'" but reserved the right to appeal the validity of his guilty plea. See No: 06C1304, Memorandum Opinion and Order (ED Ill., May 2, 2006), App. B to Pet. for Cert. 3.  Petitioner nonetheless (allegedly) asked his attorney to file a notice of appeal to argue that the substance he distributed was not crack cocaine.  His attorney filed nothing.  On collateral review, petitioner claimed that his attorney's failure was ineffective assistance of counsel.  The District Court denied the claim, finding that any appeal his attorney might have pursued was doomed because he waived his right to appeal and because petitioner had expressly identified the substance as crack cocaine in his guilty plea.  On appeal, the Court of Appeals asked the parties to address the effect of its decision in *Nunez* v. *United States*, 495 F. 3d 544 (CA7 2007), which held that Nunez's plea agreement waived his right to bring an identical ineffec-

tive-assistance claim on collateral review. The Government argued that petitioner's case was materially indistinguishable from *Nunez*. The Court of Appeals summarily affirmed the District Court's judgment.

Petitioner asks us to consider his ineffective-assistance claim. That claim does not warrant our review, so I would deny his petition for certiorari. In the Brief for United States, the Solicitor General suggests that we GVR—grant the petition, vacate the judgment, and remand the case to the Court of Appeals. He contends (contrary to the Government's position below) that petitioner's waiver is less comprehensive than the waiver in *Nunez*. And since he thinks that the Court of Appeals' reading of the waiver in *Nunez* was wrong (he has asked us to GVR in Nunez's case for that very reason), the Solicitor General concludes that, inasmuch as the Court of Appeals might have agreed with the Government's (now repudiated) position below, the reasoning behind the judgment below may be wrong. The Solicitor General does not challenge the *judgment* below, nor does he take a position on petitioner's ineffective-assistance claim, insofar as that may have been the basis for the Court of Appeals' summary order.

As I state in my dissent in *Nunez* v. *United States*, *ante*, at ___, the Solicitor General's confession of error in the Court of Appeals' reasoning, but not its judgment, does not justify entry of a GVR order. That disposition is especially inappropriate in this case because we cannot even be sure that the Court of Appeals' summary order was premised on the alleged error. See *Lawrence* v. *Chater*, 516 U. S. 163, 184–186 (1996) (SCALIA, J., dissenting). For all we know, the Court of Appeals identified a difference in the plea agreements and therefore summarily affirmed because it agreed with the District Court's reasoning on the merits of petitioner's ineffective-assistance claim.

I respectfully dissent.