NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 13, 2008[*]
Decided November 14, 2008

By the Court:

No. 08-3087

| | |
|---|---|
| TERENCE BRUCE RICHARDS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 07 C 3643 |
| JAMES E. STEVENS, et al. | |
| *Defendants-Appellees*. | James B. Zagel, |
| | *Judge*. |

## O R D E R

Terence Richards filed a motion under Federal Rule of Civil Procedure 60(b) seeking to vacate a district court's judgment dismissing a lawsuit he had brought against two judges, a prosecutor, a defense attorney, and a bankruptcy trustee. The court denied his motion, and we affirm.

Over the last five years, Richards has been embroiled in a web of disputes spanning bankruptcy, criminal, and civil proceedings. Richards alleges that from the fall of 2002 through the spring of 2003, he "went on a manic shopping spree, that benefitted the needs/wants" of an acquaintance, Donald Harrington. Perhaps as a result of this "spree," in March 2003 Richards filed for bankruptcy. Richards alleges that in April, he withdrew over

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

$45,000 from his retirement account, but that Harrington stole the funds before they could be deposited into Richards' bank account. Harrington was prosecuted for the theft and pleaded guilty to a misdemeanor. The bankruptcy court attempted to recover some of the funds that Richards had lost to Harrington, to no avail.

In February 2005 the bankruptcy court revoked Richards' bankruptcy discharge. Richards blamed the trustee for the court's decision and sent him threatening letters. Angry that the government had not pursued a felony charge against Harrington, Richards also sent threatening letters to the prosecutor. In November 2006 Richards pleaded guilty to two counts of transmitting a threatening communication in interstate commerce. *See* 18 U.S.C. § 875(c). He appealed his 30-month sentence, but we dismissed his appeal. *See United States v. Richards*, 266 F. App'x 494 (7th Cir. 2008) (nonprecedential disposition).

While in prison, Richards sued the U.S. Attorney, the district judge who sentenced him, his defense attorney, the bankruptcy judge, and the trustee, alleging that they conspired to violate his constitutional rights. He sought (1) a declaratory judgment that his right to due process had been violated; (2) a writ of mandamus "compelling the United States Attorney to enforce the laws of the land"; (3) release "from interstate kidnaping and unlawful restraint"; and (4) an order compelling his defense attorney to provide him with sentencing transcripts. In December 2007 the district court screened the complaint, *see* 28 U.S.C. § 1915A, and dismissed it for failure to state a claim. Richards did not appeal.

Seven months later, once Richards was released from prison, he filed a "Motion to Vacate" the district court's judgment under Federal Rule of Civil Procedure 60(b). He urged the court to vacate its judgment and reinstate the complaint, arguing that his records had been unavailable to him when his suit was dismissed because he was in prison, that the bankruptcy trustee had fraudulently misrepresented to the bankruptcy court that Richards was being uncooperative, and that the district court had mistakenly determined that the only relief Richards sought was a writ of mandamus. He attached to his motion an affidavit that described approximately 14 occasions where he had turned over money to Harrington and the bankruptcy court's attempts to recoup some of this money as well as the $45,000 that Harrington stole. He also attached the bankruptcy court documents and financial records showing withdrawals from various investment and banking accounts.

The district court denied the motion, finding that Richards had not shown that he was entitled to the "extraordinary remedy" that Rule 60(b) provides. We review this decision deferentially and will reverse only if the district court abused its discretion such that no reasonable person could agree with the district court's ruling. *See Stoller v. Pure*

*Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008); *Castro v. Bd. of Educ. of City of Chi.*, 214 F.3d 932, 934 (7th Cir. 2000).

The only argument that Richards advances on appeal is that the district court abused its discretion in denying the Rule 60(b) motion because, he contends, he came forward with evidence that the bankruptcy trustee made fraudulent misrepresentations to the bankruptcy court. These misrepresentations, according to Richards, entitle him to another shot in the district court under Federal Rule of Civil Procedure 60(b)(3). But Richards misunderstands this rule, because the fraud he describes had nothing to do with the district court's decision to dismiss his complaint. A district court may set aside a judgement on the basis of fraud or other misconduct if a party can show "that it affected his ability to present his case." *Ty Inc. v. Softbelly's , Inc.*, 353 F.3d 528, 536 (7th Cir. 2003); *see also Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) (noting Rule 60(b)(3) allows a judgement to be set aside if it was "obtained by a fraud that the losing party could not have discovered in time to have it rectified by the court of appeals on direct appeal"). But Richards argues that the trustee misled the bankruptcy court during the course of the bankruptcy proceedings, not that the trustee engaged in fraud or misconduct which caused the district court to dismiss the complaint or otherwise affected Richards' ability to prosecute his case. Indeed, it would have been difficult for the trustee to mislead the court or Richards here because the court dismissed the action on pre-screening under § 1915A, before the trustee was even served with process.

AFFIRMED.