NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 11, 2008[*]
Decided December 12, 2008

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-2759

| | |
|---|---|
| TERENCE BRUCE RICHARDS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 07 C 1646 |
| HSBC TECHNOLOGY & SERVICES USA, | |
| INC., et. al, | Joan Humphrey Lefkow, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Terence Richards, unhappy with the outcome of his prior bankruptcy and criminal actions, sought recourse through a civil suit. This was not his first attempt to undermine the earlier proceedings, and we will not recount the substance of his complaints here—we recently provided a full recounting in another of his appeals on substantially the same

---

[*]The defendants were not served with process in the district court and are not participating in this appeal. After examining appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a); CIR. R. 34(f).

issues. *See Richards v. Stevens*, No. 08-3087, 2008 U.S. App. LEXIS 23514, at *1 (7th Cir. Nov. 14, 2008).

Richards, who was in prison when he commenced this litigation, sought to proceed in forma pauperis, but the district court ordered him to pay the filing fee. Richards did so, but through an administrative error, his money credited against the unpaid fees in another of his lawsuits. When the error was discovered, the district court declined to reapply the money to this suit and dismissed the case for failure to prosecute when Richards did not pay. Richards moved to vacate the judgment under Rule 60(b) of the Federal Rules of Civil Procedure, and the district court considered reopening the case but declined to do so with the explanation that the complaint would be subject to dismissal anyway under 28 U.S.C. § 1915A(b)(1) because it fails to state a claim. Richards appeals this decision.

We review the denial of a Rule 60(b) motion for abuse of discretion and will only overturn the decision only if no reasonable person could agree with the district court's ruling. *Castro v. Bd. of Educ. of City of Chi.*, 214 F.3d 932, 935 (7th Cir. 2000). A district court cannot abuse its discretion by refusing to revive a complaint that does not state a claim. *See Berwick Grain Co., Inc. v. Ill. Dep't of Ag.*, 217 F.3d 502, 505 (7th Cir. 2000). Richards does not argue that the district court was wrong to conclude that his complaint fails to state a claim, and instead he contends that the district court had no authority to evaluate the question after his release from prison; he assumes that a district court may dismiss a complaint prior to service only if it is brought by a prisoner. In fact, however, we have held that "district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

This appeal is wholly frivolous, and, furthermore, Richards has filed a multitude of frivolous suits based on the same facts. We have cautioned Richards that there are consequences for his litigiousness; while he was a prisoner, he "struck out" for pursuing frivolous claims, *see* 28 U.S.C. § 1915(g), and we warned him he could face a bar under *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). *See Richards v. Kleinhubert*, 263 F. App'x 493, 495 (7th Cir. 2008). So we now order Richards to show cause within 14 days why he should not be sanctioned for pursuing this frivolous appeal. *See* FED. R. APP. P. 38. If he does not respond by the deadline or does not pay any sanction the court might assess, along with all fees outstanding in this circuit from his other lawsuits, he will be barred from filing papers in any court within the circuit. *See In re: City of Chi.*, 500 F.3d 582, 585-86 (7th Cir. 2007); *Mack*, 45 F.3d 185.

AFFIRMED.