NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 24, 2009[*]
Decided June 24, 2009

**By the Court:**

No. 08-4193

|  |  |
|---|---|
| TERENCE BRUCE RICHARDS, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiff-Appellant,* | |
| | |
| *v.* | No. 07 C 1907 |
| | |
| JAMES E. STEVENS, | Matthew F. Kennelly, |
| *Defendant-Appellee.* | *Judge.* |

## O R D E R

In the latest challenge to his bankruptcy case,[**] Terence Richards sued the trustee, James Stevens, for his role in having Richards's bankruptcy dismissed. The district court dismissed the complaint because Richards did not seek permission from the bankruptcy court before suing the trustee. *See In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998). Richards filed an appeal from that decision, but we dismissed it for failure to pay the docketing fee. Fourteen months later Richards asked the district court to vacate its dismissal under Federal

---

[*] The appellee was not served with process in the district court and is not participating in this appeal. After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

[**] Richards has already challenged this bankruptcy petition several times. *See Richards v. Stevens*, 310 F. App'x 898 (7th Cir. 2009); *Richards v. HSBC Tech. & Servs. USA, Inc.*, 303 F. App'x 356 (7th Cir. 2008); *Richards v. Stevens*, 299 F. App'x 579 (7th Cir. 2008).

Rule of Civil Procedure 60(b)(4) on the ground that the decision was void. The district court denied that request, and Richards now appeals.

Rule 60(b)(4) is intended for cases where the district court issuing the underlying judgment lacked jurisdiction or acted in a manner inconsistent with due process. *Marques v. Fed. Reserve Bank of Chi.*, 286 F.3d 1014, 1018 (7th Cir. 2002); *Robinson Eng'g Co. Pension Plan & Trust v. George*, 223 F.3d 445, 448 (7th Cir. 2000). On appeal, Richards raises no challenge based on jurisdiction or due process, and instead attacks the underlying dismissal of his complaint. But Rule 60(b) is not a permissible substitute for appealing the judgment, *see, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800-01 (7th Cir. 2000), and the time to pursue an appeal has long passed. Accordingly, the judgment is

AFFIRMED.