# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 05-3092

WAYNE P. ROBERTS,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:04cv00762 AS—**Allen Sharp**, *Judge.*

SUBMITTED OCTOBER 17, 2005—DECIDED NOVEMBER 22, 2005

Before POSNER, KANNE, and WOOD, *Circuit Judges.*

WOOD, *Circuit Judge.* Wayne Roberts is serving a 70-month sentence for dealing cocaine. He pleaded guilty and, in exchange for concessions by the government, expressly agreed not to file a direct appeal or a collateral attack under 28 U.S.C. § 2255:

> I also agree not to contest my conviction, my sentence, any restitution order imposed, or the manner in which my conviction, the sentence[,] or the restitution order was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or in any post-conviction proceeding, including but not

limited to, [sic] a proceeding under Title 28, United States Code, Section 2255.

(Plea Agreement at ¶9(i).) In keeping with this commitment, Roberts did not appeal his conviction, but, evidently having second thoughts, he has now filed a motion under § 2255 in which he is attempting collaterally to attack the criminal judgment. The district court denied relief and Roberts appealed. There is no question that Roberts's waiver encompasses the claims presented in the § 2255 motion. Accordingly, the district court correctly dismissed the action.

Although the ultimate disposition of this case is straightforward, we have observed some confusion with respect to the appropriate procedures for enforcing plea waivers. In Roberts's case, the government initially buried its request for dismissal in a jurisdictional memorandum, the ostensible purpose of which is to assure the court that the petitioner's action is not subject to the pre-approval mechanism of 28 U.S.C. § 2244(b). At that stage, the record did not contain a copy of the plea agreement, nor did the government do anything to cure that omission. Nothing, as far as we can tell, actually quoted the waiver language we have reproduced above. Because waivers differ in their scope, we found it necessary to order additional briefing on the question, to ensure that Roberts's waiver indeed barred his motion.

In the future, when the government wishes to enforce a waiver, the better procedure would be to file a separate motion to dismiss the § 2255 proceeding on this ground, in which it specifically calls the court's attention to the waiver. The plea agreement should be attached to the motion, so that the court is in a position to ensure that it applies to the case at hand. We have never been reluctant to hold criminal defendants to their promises. See, *e.g.*, *United States v. Cieslowski*, 410 F.3d 353, 362 (7th Cir. 2005); *United States*

*v. Sines*, 303 F.3d 793, 798 (7th Cir. 2002); *United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002); *United States v. Hare*, 269 F.3d 859 (7th Cir. 2001). On the other hand, there have been cases in which we have rejected an argument that a waiver of appeal or collateral relief bars an action. See *United States v. Behrman,* 235 F.3d 1049, 1052 (7th Cir. 2000). We can accomplish the goal of enforcing waivers appropriately only if the government clearly alerts the court to the existence of the waiver and furnishes the necessary information about its exact terms.

It has now done so in this case, and we therefore DISMISS Roberts's appeal on the basis of his waiver.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*