NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 13, 2008
Decided November 17, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-1222

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Indiana, |
| | South Bend Division. |
| *v.* | |
| | No. 3:06-CR-00130-RM |
| CEDRIC PEARSON, | |
| *Defendant-Appellant.* | Robert L. Miller, Jr., |
| | *Chief Judge.* |

**O R D E R**

Cedric Pearson pleaded guilty to possessing firearms as a felon, *see* 18 U.S.C. § 922(g)(1), and was sentenced to 57 months' imprisonment. In the plea agreement Pearson waived his right to appeal on any ground his conviction or sentence, or the manner in which the conviction or sentence was determined. Pearson filed a notice of appeal, but the government filed a motion to dismiss the appeal based on the appeal waiver. *See Roberts v. United States*, 429 F.3d 723 (7th Cir. 2005). Pearson refused to consent to a voluntary dismissal, and so counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), requesting permission to withdraw from the case because he can find no nonfrivolous issue for appeal. *See United States v. Mason*, 343 F.3d 893 (7th Cir. 2003). Pearson responded to his lawyer's brief, *see* CIR. R. 51(b), and so we confine our review to the issues raised in

counsel's facially adequate brief and Pearson's response, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Because Pearson made a broad waiver of his appellate rights, he cannot challenge his sentence unless the plea agreement containing the waiver is invalid. *See United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001). But Pearson does not suggest that he seeks to set aside his plea, and so we will not evaluate questions about the plea itself. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2001). Thus, the appeal waiver stands with the plea. *See Nunez v. United States*, 495 F.3d 544, 545-46 (7th Cir. 2007). We agree with counsel that any challenge to Pearson's sentence would be frivolous. Although Pearson now wants to take advantage of a favorable change in law, he cannot evade the consequences of his appeal waiver. *See United States v. Lockwood*, 416 F.3d 604 (7th Cir. 2005); *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005); *see also Brady v. United States*, 397 U.S. 742, 756-57 (1970).

Pearson's response suggests that he may want to assert a claim of ineffective assistance of counsel during the plea negotiation—a claim that his appeal waiver would allow. But claims of ineffective assistance are better left for proceedings under 28 U.S.C. § 2255 where a more complete record can be made. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557 (7th Cir. 2005).

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.