In the

# United States Court of Appeals

## For the Seventh Circuit

No. 07-4005

HECTOR SANDOVAL,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 4:04-cv-4056—**Joe Billy McDade,** *Judge.*

ARGUED APRIL 17, 2009—DECIDED JULY 31, 2009

Before FLAUM, EVANS, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Hector Sandoval, a Mexican national, held a man captive at gunpoint following a drug deal gone awry. For this conduct, he was charged with, and a jury convicted him of, kidnapping and using and carrying a gun during a crime of violence. He filed a 28 U.S.C. § 2255 motion arguing that the government violated his rights under Article 36 of the Vienna Convention on Consular Relations by failing to notify

Sandoval of his right to access the Mexican consulate following his arrest. Because Sandoval procedurally defaulted his consular notification claim, we affirm the denial of his § 2255 motion. We also decline to expand Sandoval's certificate of appealability because he has not made a substantial showing of the denial of a constitutional right with respect to the performance of his trial counsel.

## I. BACKGROUND

Hector Sandoval was charged with kidnapping in violation of 18 U.S.C. § 1201(a)(1) and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). At Sandoval's trial, Frank Rivas testified that Sandoval's uncle, Marcelo Sandoval ("Marcelo"), kidnapped Rivas because of a drug deal gone bad. The kidnappers snatched Rivas in Iowa and transported him to Marcelo's house in Chicago. Rivas testified that Sandoval held him at gunpoint in Marcelo's house. After receiving a tip from Rivas's wife, Chicago police entered Marcelo's home, rescued Rivas and arrested Marcelo and Sandoval. Sandoval testified at trial that he was not involved in the kidnapping and was at Marcelo's house only to visit Marcelo's children and that he thought Rivas was a houseguest. After the jury convicted Sandoval on both counts, the district court sentenced him to 121 months' imprisonment for kidnapping, a 120-month consecutive term of imprisonment for the firearm charge, and three years' supervised release. Sandoval filed a direct appeal attacking the

indictment, venue, the prosecutor's opening and closing statements, and the use of an uncertified interpreter at trial. On October 20, 2003, we affirmed his conviction. *United States v. Sandoval*, 347 F.3d 627 (7th Cir. 2003).

Sandoval, who does not speak, read, or write English and has a limited education, subsequently filed a pro se § 2255 motion arguing that his attorney provided ineffective assistance by not calling an alibi witness at trial and that the government violated his rights under the Vienna Convention. He also made two other claims that are not at issue in this appeal. A fellow inmate assisted Sandoval in writing the petition. The district court appointed counsel to represent Sandoval, and the new counsel filed an amended § 2255 motion. But after Sandoval complained to the court about his representation the court reinstated Sandoval's pro se motion. The district court denied the pro se motion without an evidentiary hearing, determining that Sandoval procedurally defaulted his Vienna Convention claim because he did not raise it on direct appeal and further found he did not demonstrate prejudice based on the government's failure to notify him that he was entitled to consular assistance. The district court also denied his certificate of appealability ("COA"), but we later granted it. *See Sandoval v. United States*, No. 04-4056, 2007 WL 4404179, at *2 (C.D. Ill. Dec. 17, 2007); *Sandoval v. United States*, No. 07-4005 (7th Cir. Apr. 15, 2008) (unpublished order) (Ripple, J.). Circuit Judge Ripple found that Sandoval made a substantial showing of the denial of his rights under the Vienna Convention and ordered the parties to address whether Sandoval defaulted review of this claim. We also appointed counsel to represent Sandoval on appeal.

Sandoval's new counsel presents two arguments: that his rights under the Vienna Convention were violated and that his trial counsel provided ineffective assistance for not remedying the violation and for introducing the sole piece of evidence placing him in Iowa when the kidnapping initially occurred.

## II. ANALYSIS

### A. The district court properly denied Sandoval's § 2255 motion.

When a district court denies a 28 U.S.C. § 2255 motion to vacate, set aside, or correct a criminal conviction and sentence, we review questions of law de novo and findings of fact for clear error. *Hall v. United States*, 371 F.3d 969, 972 (7th Cir. 2004). The court should grant an evidentiary hearing on a § 2255 motion when the petitioner "alleges facts that, if proven, would entitle him to relief." *Id.*; § 2255(b).

Sandoval's pro se § 2255 motion claimed ineffective assistance of counsel and launched attacks on the prosecutor and the trial judge. Also, Sandoval argued that the government violated his rights under Article 36 of the Vienna Convention, Apr. 24, 1963, 21 U.S.T. 77, T.I.A.S. No. 6820, 596 U.N.T.S. 261. Sandoval never stated explicitly that his counsel was ineffective for not notifying him of his right to consular notification and assistance or seeking a remedy for the government's failure to notify him.

On appeal, Sandoval contends that his trial counsel provided ineffective assistance of counsel for not informing him of the government's failure to notify him and for not seeking any remedy for the failure at trial. The government concedes that it never notified Sandoval of his right to seek consular assistance and that it never notified the Mexican consulate of Sandoval's detention. However, the government argues that Sandoval procedurally defaulted this claim and did not provide cause for his failure to timely raise the claim at trial or on direct appeal. Additionally, the government maintains that Sandoval never argued in his § 2255 motion that his trial counsel was ineffective for not seeking a remedy and that even if he had, he was not prejudiced by the lack of consular notification.

Article 36 of the Vienna Convention provides that when authorities arrest a foreign national he has the right to contact his consulate and that the government must inform the arrestee of that right. *See Jogi v. Voges*, 480 F.3d 822, 835 (7th Cir. 2007). When a foreign national is detained, Article 36 imposes three obligations on the arresting authority. The law enforcement agency must: "(1) inform the consulate of a foreign national's arrest or detention without delay; (2) forward communications from a detained national to the consulate without delay; and (3) inform a detained foreign national of his rights under Article 36 without delay." *See Osagiede v. United States*, 543 F.3d 399, 402 (7th Cir. 2008) (internal quotation marks omitted). In addition to providing a "cultural bridge" between the foreign detainee and the American legal system, the consulate may also "conduct its own

investigations, file amicus briefs and even intervene directly in a proceeding if it deems that necessary." *Id.* at 403.

The district court correctly concluded that Sandoval's claim was procedurally barred because claims cannot be raised for the first time in a § 2255 motion if they could have been raised at trial or on direct appeal, and the rules of procedural default apply to the Vienna Convention. *See Ballinger v. United States*, 379 F.3d 427, 429 (7th Cir. 2004); *see also Sanchez-Llamas v. Oregon*, 548 U.S. 331, 356 (2006). In an attempt to overcome this procedural bar, Sandoval raises an ineffective assistance of counsel claim. His attempt is problematic, however, because he did not explicitly link his Sixth Amendment claim with his Article 36 claim in his pro se motion. Nevertheless, even if we were to liberally construe his pro se motion, especially in light of his inability to speak, read, or write English, Sandoval would still lose on the merits because he suffered no prejudice under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 694 (1984).[1]

As to prejudice, Sandoval claims he had difficulty, before and during the trial, communicating with his attorney and understanding the trial proceedings because he does not speak English. But a court-appointed translator took part in the trial, and, in his direct appeal,

---

[1] Sandoval also fails to show cause or actual prejudice resulting from his failure to timely raise this claim at trial or on direct appeal. *See Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

we concluded that Sandoval failed to prove the uncertified interpreter was incompetent, which deflates this argument. *See Sandoval*, 347 F.3d at 632. Sandoval further contends that the consulate could have communicated with Spanish-speaking defense witnesses located in Mexico. We find this argument unpersuasive because Sandoval failed to show how these unidentified witnesses would have assisted in his defense at trial.

Sandoval's argument that the record must be further developed to show what prejudice he may have suffered fares no better than his others. Sandoval is correct that ineffective assistance claims often require evidentiary hearings because they allege facts that the record does not show. *See Osagiede*, 543 F.3d at 408. But to establish the need for an evidentiary hearing to demonstrate prejudice for an Article 36 violation, a foreign national must "show a realistic prospect of consular assistance and provide some credible indication of facts reasonably available to him to support his claim." *Id.* at 413. Unfortunately for Sandoval, he has not made such a showing and the facts of his case are distinguishable from our recent decision *Osagiede*. In *Osagiede*, we granted the § 2255 petition of a Nigerian national and remanded his claim that his attorney provided ineffective assistance by not seeking a remedy for violation of his Article 36 rights. Unlike Sandoval, Osagiede clearly raised an ineffective assistance claim in his pro se motion by stating that his Article 36 rights were violated and "his lawyer did nothing about it." *Id.* at 406. Moreover, we determined that Osagiede came "a long

way toward showing that he deserves an evidentiary hearing." *Id* at 413. Specifically, we relied on Osagiede's special need for help in translating and analyzing the wiretap tapes used against him that contained speakers with heavy Nigerian accents, which were difficult to decipher and were not fully analyzed by an expert. *Id.* We also noted that a government witness mistook Osagiede for his cousin who could not be located in Nigeria and may have been the man speaking on the tapes. *Id.*

Other than a language barrier, which was addressed by the use of an interpreter, Sandoval shows no other prejudice he may have faced by not being put in touch with the Mexican consulate. Many Mexican nationals face criminal trials in this country, and Sandoval has not shown that the Mexican consulate would have chosen to assist him in particular, nor has he shown what type of assistance the consulate could have provided that would have helped his case. Therefore, we affirm the district court's denial of Sandoval's § 2255 motion.

### B. We decline to expand Sandoval's Certificate of Appealability.

Pursuant to 28 U.S.C. § 2253, a habeas corpus petitioner may appeal only those issues for which a COA has been granted. We have held in the past that if a COA is granted as to one issue, but the petitioner later makes a substantial showing of the denial of a constitutional right as to a different one, we will amend the COA to include the latter claim. *See* § 2253(c)(2); *Ouska v.*

*Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). A petitioner makes a "substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (internal quotation marks and citations omitted). When expansion of the COA is not warranted, the court need not address the arguments outside of the COA. *See Ouska*, 246 F.3d at 1045.

We decline to enlarge Sandoval's COA to include whether his trial counsel was ineffective for attempting to impeach Rivas with his prior testimony at Marcelo's trial that Sandoval had been in Iowa when he was kidnapped. We conclude that although the choice of Sandoval's attorney to elicit this testimony may have not have been the best strategic decision, we cannot say that it fell below the standard of competency. Sandoval's attorney wanted the jury to believe that Rivas could not keep his story straight, but his strategy backfired. Having reviewed the record and considered Sandoval's discussion of this issue, we decline to expand his COA to include this claim because Sandoval cannot show that reasonable jurists could debate whether Sandoval's trial attorney provided ineffective assistance of counsel by eliciting this testimony. *See Dalton v. Battaglia*, 402 F.3d 729, 739 (7th Cir. 2005).

### III.  CONCLUSION

Therefore, we AFFIRM the decision of the district court.