NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 16, 2009[*]
Decided September 16, 2009

**Before**

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-1081

| | |
|---|---|
| CLARK TRULY, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 06 C 2348 |
| BRADLEY J. ROBERT, | |
| *Respondent-Appellee*. | Robert M. Dow, Jr., *Judge*. |

**O R D E R**

Clark Truly was convicted in Illinois state court of aggravated battery with a firearm and is serving an eighteen-year prison term. After exhausting his state remedies, Truly petitioned for a writ of habeas corpus in the district court. *See* 28 U.S.C. § 2254. The court denied his petition but issued a certificate of appealability limited to his claim of ineffective assistance of trial counsel. Like the district court, however, we conclude that the state court

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

did not unreasonably apply *Strickland v. Washington*, 466 U.S. 668 (1984), and therefore affirm the judgment.

Truly was charged with attempted murder and aggravated battery with a firearm for shooting Charles Pinkston and was tried before a jury in the Circuit Court of Cook County. Pinkston, who suffered one gunshot wound to his left leg, testified that on July 1, 1999, he was talking with friends outside their residence when he saw Truly drive past. Pinkston and Truly had sparred before, and after passing Pinkston, Truly turned the car around and stopped in front of Pinkston and his friends. Truly asked if Pinkston had a problem with him. Pinkston replied, "no." Truly then drew a gun and fired at Pinkston. His first shot missed, but the second hit Pinkston in the leg as he fled. Truly followed and was aiming for another shot when one of Pinkston's friends pleaded with Truly not to shoot. According to Pinkston, Truly then returned to the car and drove away. In contrast, Truly admitted that he was at the scene of the shooting but testified that his cousin was also in the car and had fired the shots. Truly added that his cousin drove away after the shooting, leaving him behind to walk. The parties stipulated that a spent shell casing found in Truly's car after the shooting had been fired from the same gun as another shell casing found at the scene.

To impeach Truly the prosecutor introduced and read to the jury certified copies of court records stating that Truly had prior felony convictions for possession of a stolen motor vehicle and "aggravated assault of a police officer with a firearm." Truly's lawyer had reviewed the documents and did not object to their use. During closing argument the prosecutor informed the jury that it could weigh Truly's "two prior felony convictions" in deciding whether to believe his testimony, and the trial court cautioned the jury that the convictions were pertinent only to Truly's credibility and could not be viewed as evidence that Truly had shot Pinkston.

The jury acquitted Truly of attempted murder but found him guilty of aggravated battery with a firearm. At sentencing, his lawyer informed the trial court that one of the certified conviction records was inaccurate. As it turns out, Truly's prior conviction for aggravated assault of a police officer had not involved a gun as the jury had been told. The state acknowledged the error in the conviction record and explained that, in fact, Truly had tried to run down the officer with his car. Truly's counsel raised the issue as mitigation evidence only and did not move for a new trial based on the impeachment use of the inaccurate record.

On direct appeal Truly argued that the jury should not have been misinformed that his prior assault involved a gun. The appellate court reviewed for plain error because counsel had not lodged an objection before the trial court, but even after agreeing with Truly that the trial judge had erred in allowing the inaccurate record to be used for

impeachment, the appellate court concluded that the mischaracterization of the prior conviction could not have prejudiced Truly. The court explained that the trial judge had properly limited the jury's use of the prior conviction to assess Truly's credibility, and that use would have been the same even if the conviction had been correctly characterized. Additionally, the appellate court concluded that, even if the jury had misused the conviction as substantive evidence of Truly's guilt, the error would have been harmless. Thus, the court affirmed Truly's conviction, and the Supreme Court of Illinois denied leave to appeal.

Truly's § 2254 petition includes several claims, but the certificate of appealability granted by the district court authorizes Truly to pursue in this court only his claim that trial counsel was ineffective because he failed to object to the mischaracterization of the prior conviction.[1] Truly raised this claim in a state post-conviction petition, and the state court, applying the standard established in *Strickland*, rejected his claim.

To prevail on a claim of ineffective assistance, a petitioner must show that counsel's performance was deficient and that a reasonable probability exists that the deficiency caused prejudiced. *See Strickland*, 466 U.S. at 687; *Gonzales v. Mize*, 565 F.3d 373, 381 (7th Cir. 2009). A state court already has concluded that Truly cannot satisfy this standard, and since his § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act, Truly cannot obtain relief in federal court unless he can establish that the state court's application of *Strickland*, the controlling Supreme Court precedent, was not just incorrect, but unreasonable. *See* 28 U.S.C. § 2254(d); *Williams v. Lemmon*, 557 F.3d 534, 538 (7th Cir. 2009). This is a highly demanding standard, and federal intervention is not appropriate so long as the state court "took the constitutional standard seriously and produced an answer within the range of defensible positions." *Taylor v. Bradley*, 448 F.3d 942, 948 (7th Cir. 2006) (quotation marks and citation omitted).

That was done here. The state court reasoned that Truly's counsel was not deficient because his decision not to object to the erroneous conviction was "a matter of trial strategy." Indeed, strategic choices are "virtually unchallengeable," *Strickland*, 466 U.S. at 690; *see Johnson v. Loftus*, 518 F.3d 453, 457 (7th Cir. 2008), but we add the further observation that it would be especially difficult to fault counsel for not realizing that a court

---

[1] In his appellate brief Truly continues to argue claims that were not certified for appeal. We decline to expand the certificate because, like the district court, we conclude that he has not made "a substantial showing of the denial of a constitutional right" as to any of those claims. *See* 28 U.S.C. § 2253(c); *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009).

record from an earlier case contained an error.  Moreover, *Strickland* requires that counsel's performance be evaluated as a whole, and a single error rarely is enough to demonstrate that counsel was constitutionally deficient unless that error was sufficiently egregious and prejudicial.  *See id.* at 690-91; *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Williams*, 557 F.3d at 538.  To establish prejudice Truly was required to show that there is a reasonable possibility that he would have been acquitted without the admission of the erroneous conviction.  *See Strickland*, 466 U.S. at 694; *Taylor*, 448 F.3d at 950.  The state court concluded that Truly could not have been prejudiced because the jury was properly instructed that it could consider the conviction only in assessing his credibility, and thus the jury's use of the conviction would have been the same even if the document had accurately represented that he was convicted of aggravated assault of a police officer with a dangerous weapon and not specifically a firearm.  Juries are presumed to follow the trial judge's  instructions, *Zafiro v. United States*, 506 U.S. 534, 540 (1993); *United States v. James*, 487 F.3d 518, 524 (7th Cir. 2007), and there is no reason to believe that the jury considered his prior conviction for anything other than to evaluate Truly's credibility.

The state court's application of *Strickland* was not unreasonable.  Accordingly, the judgment is AFFIRMED.