**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 5, 2009
Decided October 5, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-1137

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> *v.* <br><br> JORGE CARDOSO-LOPEZ, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Western District of Wisconsin. <br><br> No. 08-CR-133-C-01 <br><br> Barbara B. Crabb, <br> *Chief Judge*. |

**O R D E R**

Jorge Cardoso-Lopez, a Mexican citizen, pleaded guilty to being in the United States without permission after he previously was removed, *see* 8 U.S.C. § 1326(a), and the district court sentenced him to 41 months' imprisonment, the high end of the guidelines range. Cardoso-Lopez appeals, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a nonfrivolous issue to pursue. We review only the potential issues identified in counsel's facially adequate brief and Cardoso-Lopez's response under Circuit Rule 51(b). *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

The sole issue counsel considers is whether Cardoso-Lopez could challenge the reasonableness of his prison sentence. At sentencing Cardoso-Lopez argued that, because the Western District of Wisconsin lacks a "fast-track" program for illegal-reentry cases, a below-guidelines sentence was necessary to achieve parity with defendants in other districts who benefit from such programs. *See* U.S.S.G. § 5K3.1; *see generally United States v. Pacheco-Diaz*, 506 F.3d 545, 552-53 (7th Cir. 2007). Although we have not yet weighed in on what effect, if any, *Kimbrough v. United States*, 552 U.S. 85 (2007), has on a district court's discretion to consider fast-track disparities, *see United States v. Arrelucea-Zamudio*, No. 08-4397, 2009 WL 2914495, at *7-10 (3d Cir. Sept. 14, 2009); *United States v. Gonzalez-Zotelo*, 556 F.3d 736, 740 (9th Cir.), *petition for cert. filed* (U.S. May 8, 2009) (No. 08-10326); *United States v. Vega-Castillo*, 540 F.3d 1235, 1238-39 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 2825 (2009); *United States v. Rodriguez*, 527 F.3d 221, 229-30 (1st Cir. 2008); *United States v. Gomez-Herrera*, 523 F.3d 554, 562-64 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008), this case would not require us to join the debate. The district judge explained that, even if she was otherwise inclined to consider reducing a sentence because of the absence of a fast-track program in Wisconsin, she would not do so in Cardoso-Lopez's case because he has an extensive and violent criminal history and was arrested yet again within weeks of illegally reentering the country. The district court considered Cardoso-Lopez's argument, but was not required to accept it, *see United States v. Filipiak*, 466 F.3d 582, 583 (7th Cir. 2006), and we therefore agree with counsel that it would be frivolous to further pursue this challenge. Because Cardoso-Lopez was sentenced within the properly calculated guidelines range, we would presume his sentence reasonable on appeal, *see United States v. Turner*, 569 F.3d 637, 640-41 (7th Cir. 2009), and counsel has not identified any reason to cast doubt on that presumption.

We turn next to Cardoso-Lopez's Rule 51(b) response, in which he argues that his guilty plea should be set aside because neither the government nor the district court informed him of his right to consular assistance under Article 36 of the Vienna Convention on Consular Relations, April 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261. Although Cardoso-Lopez recently submitted to the district court a motion to set aside his conviction on this basis, he did not previously raise the argument, so we would review only for plain error. *See* FED. R. CRIM. P. 52(b); *United States v. Villarreal-Tamayo*, 467 F.3d 630, 632 (7th Cir. 2006).

Article 36 of the Vienna Convention provides that arresting authorities must inform a foreign national of his right to contact the consulate and must notify the consulate of the arrest. *See Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *see also* 28 C.F.R. § 250.5 (a)(3) (directing U.S. Attorney to notify appropriate consul of foreign national's arrest). The obligation to inform thus lies solely with the government; contrary to Cardoso-Lopez's suggestion, district courts have no role under Article 36, and therefore the court's failure to

inform him of his consular rights could not have been error. *See Osagiede v. United States*, 543 F.3d 399, 402 (7th Cir. 2008) (explaining that Article 36 imposes obligations on the detaining authority). Nor does a failure by arresting authorities to comply with Article 36 trigger automatic reversal of a conviction, *United States v. Ademaj*, 170 F.3d 58, 67 (1st Cir. 1999); *see also Sanchez-Llamas v. Oregon*, 548 U.S. 331, 337 (2006) (holding that arresting officer's failure to comply with Vienna Convention's consular-notification provision does not warrant suppression of evidence); *United States v. Bustos de la Pava*, 268 F.3d 157, 165-66 (2d Cir. 2001) (concluding that government's failure to notify defendant of right to contact consulate does not require dismissal of indictment), and Cardoso-Lopez has not identified any conceivable effect that contacting the Mexican consulate might have had on his decision to plead guilty, *see Breard v. Greene*, 523 U.S. 371, 377 (1998) (explaining that, even if the Vienna Convention creates enforceable rights, a showing of prejudice is necessary to overturn a conviction); *Osagiede*, 543 F.3d at 413 (examining possible ways government's failure to inform Nigerian citizen of right to consular notification might have been prejudicial). We therefore conclude that any challenge to Cardoso-Lopez's conviction on this basis would be frivolous.

Counsel's motion to withdraw is GRANTED, and Cardoso-Lopez's motion for substitute counsel is DENIED. The appeal is DISMISSED.