NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 16, 2010
Decided December 16, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-1577

| | |
|---|---|
| DAVID MIRANDA, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 03 C 7309 |
| NEDRA CHANDLER, | |
| *Respondent-Appellee*. | Joan B. Gottschall, |
| | *Judge*. |

**O R D E R**

David Miranda, an Illinois state prisoner, appeals the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court granted a certificate of appealability on two issues: whether trial counsel was ineffective for coercing him not to testify at trial, and whether counsel's decision also violated his right under the Fifth Amendment to testify in his own defense. We affirm.

After a jury trial Miranda was found guilty of the first degree murder of his employer Jose Aroca, as well as attempted murder and attempted armed robbery. At trial witnesses testified that Miranda, Aroca, and other employees were drinking and celebrating at Aroca's meat market on the day of the murder because Aroca had just acquired a large

sum of money as part of a loan to expand his business. Aroca placed the money in the safe at the market. After several hours of celebrating, Miranda briefly left the market and returned with a gun. He then tried to rob Aroca and ended up killing him and seriously wounding another employee. The state presented testimony from a number of witnesses who were present at the store and saw the shooting. These witnesses also testified that Miranda did not appear intoxicated. Miranda did not testify at trial. He was sentenced to 70 years' imprisonment.

Miranda appealed his conviction and the Illinois Appellate Court remanded the case for an evidentiary hearing to determine whether the jury had been properly empaneled. The trial court found that the jury had been properly empaneled, the appellate court affirmed, and the Illinois Supreme Court denied leave to appeal.

Miranda then petitioned for state postconviction relief, *see* 725 ILCS 5/122-1, raising allegations of ineffective assistance of trial and appellate counsel. One principal allegation was that trial counsel "coerced" him not to testify in his defense about his long history of alcoholism accompanied by blackout spells. Before trial, Miranda asserts, trial counsel agreed to allow him to testify about drinking heavily and blacking out on the night of the murder; by the time of his case-in-chief, however, trial counsel expressed concern that Miranda's Hispanic ethnicity and broken English would damage his case, and refused to allow him to testify. The state trial court dismissed the petition as meritless.

Miranda appealed, again arguing that he was denied effective assistance of trial and appellate counsel. The state appellate court affirmed. In relevant part, it found no evidence of improper coercion; reviewing Miranda's colloquy with the trial judge, the appellate court noted Miranda's explicit acknowledgment that the decision not to testify was his own. The court also rejected Miranda's argument that his 70-year sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in that a judge, rather than the jury, found his crimes exceptionally brutal and heinous. The court found no *Apprendi* violation because Miranda's extended-term sentence did not exceed the statutory maximum of death.

Miranda then petitioned in federal court for a writ of habeas corpus, raising the same claims that he pressed in state court. The district court denied the petition, agreeing with the state appellate court's determination that the record showed that Miranda "affirmatively and clearly waived his right to testify." Without evidence of coercion, the court added, Miranda could not show that his trial counsel was ineffective in this regard. The district court also agreed with the state appellate court's conclusion that Miranda's 70-year sentence was less than the statutory maximum and thus did not violate *Apprendi*.

On appeal Miranda argues that the district court erred in denying his right-to-testify and ineffective-assistance-of-counsel claims. He maintains that trial counsel prevented him from testifying and that, if he testified, he would have qualified for a voluntary-intoxication defense that might have changed the outcome of the trial. Miranda concedes that an unsubstantiated assertion that his lawyer forbade him from testifying is insufficient to warrant further investigation, *see Underwood v. Clark*, 939 F.2d 473, 475-76 (7th Cir. 1991), but argues that an evidentiary hearing is necessary so that he can question his attorney about their prior conversations and thereby substantiate his claim that he was improperly coerced.

Since the state appellate court considered his claims on the merits, we can overturn its decision only if it is contrary to or involves an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts. *See* 28 U.S.C. §§ 2254(d)(1), (2); *Griffin v. Pierce*, 622 F.3d 831, 841 (7th Cir. 2010). Miranda cannot make such a showing. At trial he waived his right to testify and assured the trial judge that the decision not to testify was his own. Defendants who waive their right to testify and later claim coercion must provide some form of substantiation, such as an affidavit from their lawyer, *see Thompson v. Battaglia*, 458 F.3d 614, 619 (7th Cir. 2006); *Underwood*, 939 F.2d at 475-76, and Miranda provided only his own affidavit. The state appellate court dismissed Miranda's claims because he provided no substantiated evidence of coercion, and thus could not show that he was denied his right to testify or that his counsel's performance fell below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). Miranda's petition adds nothing new to the arguments he made to the state court. We agree with the district court that the state court's decision was not contrary to or an unreasonable application of clearly established federal law.

Miranda also reasserts that the state trial court violated *Apprendi* when the judge, rather than the jury, found that the murder was committed in an exceptionally brutal and heinous manner. The district court did not grant a certificate of appealability on this issue, so we construe Miranda's argument as a request to expand the certificate of appealability. *See Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). We decline to do so. As we have noted, his 70-year sentence did not exceed the statutory maximum, and he has not shown the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *Sandoval*, 574 F.3d at 852.

Accordingly, we AFFIRM the judgment of the district court.