Rickey E. WEIR, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 13–cv–3205.

United States District Court,
C.D. Illinois,
Springfield Division.

July 26, 2013.

Rickey Weir, Morgantown, WV, pro se.

## ORDER OF DISMISSAL

RICHARD MILLS, District Judge:

Petitioner Rickey E. Weir's Motion to Vacate, Set Aside, or Correct Sentence is dismissed for the following reasons.

## I.

### A.

In April and May of 2013, Weir filed a number of documents in his criminal case which indicated that a Motion under 28 U.S.C. § 2255 might be filed soon. *See* Letter from Rickey Weir Requesting New Sentence [d/e 114], Verified Motion for the Entry of an Order Directing Trial Counsel to Produce/Turn Over Case File Documents [d/e 115], Letter from Ricky Weir [d/e 116], Motion for Release Pending Appeal [d/e 117], and Letter from Rickey Weir [d/e 118], all in Case No. 07–cr–30091.

Weir stated in these documents, among other things, that he had a pending re-sentencing hearing before the Court, that he suspected that trial counsel had failed to file an appeal as requested, that the same attorney had for years been leading him to believe that there was an appeal pending, that his numerous attorneys from a variety of civil and criminal action should be directed to furnish Weir copies of documents (at Weir's expense) to help him prepare a Section 2255 action, and asking that the Court provide him a referral for a criminal attorney.

The Court denied the various forms of relief requested, and noted that Weir had waived his collateral attack and appeal rights pursuant to the plea agreement. *See* Text Order of June 24, 2013, in Case No. 07–cr–30091.

### B.

On July 15, 2013, Weir filed a Motion to Vacate, Set Aside or Correct Sentence [d/e 1] and a Memorandum of Law [d/e 2].

He alleged that his trial attorney had been ineffective at a number of points throughout his case. He acknowledged that his Motion was not timely, but argued that equitable tolling applied, because his attorney had deceived him into thinking that he had a pending appeal.

He did not allege that counsel was ineffective in negotiating the waiver of collateral attack rights.

Weir made the following argument in his Memorandum [d/e 2]:

On February 12, 2009, the Court accepted Weir's plea without conducting a full and constitutionally required Rule 11 plea colloquy hearing. While advising Weir that he was waiving his right to a jury trial and while discussing, in general terms, the terms of the Government's proposed plea agreement, at no time did, the Court ask Weir: (1) whether he was satisfied with the performance of trial counsel(s) up to and including February 12, 2009; (2) whether he waived all or some of his Appellate rights; (3) whether he was promised anything by his trial counsel concerning sentencing.

Based upon the "flaws" in the Court's plea colloquy with Weir, it was [incumbent] upon trial counsel to object to the Rule 11 violations which rendered Weir's plea as being unknowing and involuntary, Attorney Meczyk's failure to either remedy the situation or to, subsequent to the Court's acceptance of Weir's guilty plea to move to withdraw Weir's plea as Weir requested of trial counsel.

*Id.* at 16.

Weir supplemented his Memorandum with (1) his affidavit, and (2) a printout from the Bureau of Prisons listing calls made to a Chicago phone number.

Weir then further supplemented his Motion. *See* Amendment to Motion [d/e 5] and Exhibit [d/e 5–1]. The supplemental letter supposedly shows that Weir's trial attorney had recently given Weir's divorce attorney the impression that there was to be a re-sentencing hearing in Springfield, and that there was some ongoing negotia-

tion or discussion regarding his sentence with the U.S. Attorney's Office.

## II.

During his jury trial in February 2009, Weir pled guilty to health care fraud pursuant to a plea agreement.

### A.

In the Plea Agreement [d/e 86], the Government agreed to dismiss the remaining charges pending against Weir—15 counts of mail fraud. *See id.* at 9.

In exchange, Weir agreed to waive all appellate and collateral attack rights. *See id.* at 4–5.

The Plea Agreement stated the following with respect to these waivers:

> *Waiver of Right of Appeal from Conviction and Sentence*
>
> The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.
>
> *Waiver of Right to Collateral Attack*

The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limit-

ed to, a motion brought under Title 28, United States Code, Section 2255.

*Id.* (paragraph numbers omitted).

Weir signed the plea agreement underneath the following paragraph:

> I have read this entire Plea Agreement carefully and have discussed it fully with my attorneys. I fully understand this Agreement, and I agree to it voluntarily and of my own free will. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, expressed or implied, to influence me to plead guilty other than those stated in this written Plea Agreement. I am satisfied with the legal services provided by my attorney. I understand that by signing below I am stating I agree with everything stated in this paragraph, and I am accepting and entering into this Plea Agreement.

*Id.* at 14–15.

Finally, the Plea Agreement provided for the settlement of all potential civil liability under the False Claims Act, in exchange for a $100,000.00 settlement. *See id.* at 9–10 ("Global Settlement").

#### B.

U.S. District Judge Jeanne E. Scott accepted Weir's plea of guilty, and conducted a lengthy colloquy that was very thorough. *See* Transcript of change of Plea Hearing [d/e 120].

At the outset, Judge Scott placed Weir under oath. *Id.* at 4–5.

She ensured that Weir was satisfied with the representation he had received from his attorneys:

> THE COURT: Mr. Weir, do you feel you've had enough time and opportunity to discuss your case with your attorneys. The three counsel here with you today?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you satisfied with the way they have represented you in this matter?
>
> THE DEFENDANT: Yes.

*Id.* at 11.

Judge Scott ensured that Weir had knowingly and voluntarily entered into the plea agreement, and that no one had promised him anything outside the plea agreement:

> THE COURT:And is your decision to plead guilty the result of the discussions that you and your attorneys have had with the Government attorneys which resulted in this written plea agreement?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Now, did you have the opportunity to read the plea agreement and discuss it with your attorneys before you signed it?
>
> THE DEFENDANT: Yes, I did.
>
> . . .
>
> THE COURT: Has anyone made any other promises, other than what's in the plea agreement, to cause you to plead guilty to Count 16?
>
> THE DEFENDANT: No.
>
> THE COURT: Has anyone threatened you or forced you in any way to make you feel you had to plead guilty to Count 16?
>
> THE DEFENDANT: No.
>
> THE COURT: Are you pleading guilty to the charge of health care fraud in Count 16 of your own free will?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Now, do you understand that your plea agreement is an agreement between you and the United States, but it isn't binding on the

Court. I don't have to accept all the recommendations in the agreement. And if you pled guilty and ultimately don't like the sentence I impose, at that point it's too late to take your plea back to one of not guilty.

You understand that?

THE DEFENDANT: Yes.

*Id.* at 21–23.

Judge Scott also ensured that Weir understood the impact of waiving his appellate and collateral attack rights:

THE COURT: Now, normally after someone is convicted and sentenced, he has the right to appeal his conviction and sentence to a higher court and they would review what we've done here. And if they think something was done incorrectly, they would either change it or send it back to us with directions to redo things.

In your plea agreement, however, you are giving up your right to appeal. And in doing so, you're indicating that you will accept the sentence that I give you and you won't challenge it to a higher court.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: And another way people sometimes challenge a conviction is through something referred to as a collateral attack or a Section 2255 petition, which is essentially a habeas corpus petition.

And in that proceeding the individual is claiming that his Constitutional rights were violated in some serious fashion. Such things as: I confessed, but the police forced me to do so; or they searched my home without a proper search warrant and without permission; or my attorneys were just terrible and they didn't do an adequate job.

Those kinds of issues are sometimes brought in a collateral attack of the conviction. And at times the Court may set a aside a conviction for such reasons.

Do you understand generally what I'm talking about in this 2255 petition?

THE DEFENDANT: May I speak to counsel for just a second?

THE COURT: Sure.

MR. MECZYK: Thank you, Your Honor.

THE COURT: Certainly.

THE DEFENDANT: Would you please repeat the question.

THE COURT: Sure. I've just outlined the types of things that could be brought, for example, in a collateral attack; the police beat me up and that's why I confessed, my attorneys were terrible.

And my question to you is, do you understand generally the types of issues that can be brought in this proceeding, a collateral attack?

THE DEFENDANT: Yes.

THE COURT: And in your plea agreement you're saying you won't bring such a challenge to your conviction later. Is that what you want to do?

THE DEFENDANT: Yes.

THE COURT: Now, these are important rights that you're giving up; your right to appeal and your right to bring a collateral challenge. And even when you plead guilty you don't necessarily have to give those rights up. So if you give them up, you should feel that the Government's giving you some benefit in this plea agreement that makes it worthwhile for you do this.

Do you feel that you are getting such a benefit from the Government in this plea agreement?

THE DEFENDANT: Yes.

THE COURT: And do you feel it's in your best interest to give up your right to appeal and your right to bring a collateral challenge to the conviction later?

THE DEFENDANT: Yes.

*Id.* at 25–28.

### III.

#### A.

Rule 4(b) of the Rules Governing Section 2255 Cases states the following: "The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition and direct the clerk to notify the moving party."

#### B.

■ The U.S. Court of Appeals for the Seventh Circuit has repeatedly held that a proper waiver of the right to collaterally attack a sentence under 28 U.S.C. § 2255 will be enforced. *See Roberts v. United States*, 429 F.3d 723, 724 (7th Cir.2005) (dismissing a § 2255 appeal on the basis of waiver while noting that the court has "never been reluctant to hold criminal defendants to their promises"); *Bridgeman v. United States*, 229 F.3d 589, 591 (7th Cir.2000) ("A plea agreement that also waives the right to file a § 2255 motion is generally enforceable"); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir.2000).

■ There are only two exceptions to the enforceability of a collateral attack waiver: (1) if it was involuntary, or (2) if there is a claim of ineffective assistance of counsel in connection with the negotiation of the waiver. *See Mason*, 211 F.3d at 1069.

■ Any claim must tie directly to the negotiation of the collateral attack waiver, not merely to the plea agreement generally, or to the decision to plead guilty. *See Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir.1999) ("we reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver").

### IV.

■ From the record, it is apparent that Weir knowingly and voluntarily waived his collateral attack rights. He did so in writing (plea agreement) and orally (plea colloquy with Judge Scott).

Weir has not alleged that counsel was ineffective in negotiating the waiver of collateral attack rights.

In his Motion, he has completely mischaracterized the plea colloquy with Judge Scott. Weir claims that Judge Scott failed to (1) ask if he was satisfied with the performance of counsel, (2) inquire regarding the waiver of appellate rights, and (3) whether he was promised anything outside the plea agreement. As detailed above, Judge Scott painstakingly covered each of these issues during the plea colloquy.

This action is barred by Weir's waiver of his collateral attack rights. *Roberts*, 429 F.3d at 724. It plainly appears that Weir is not entitled to relief, and, consequently, the Motion must be dismissed. Rule 4(b), Rules Governing Section 2254 Cases.

### V.

■ "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2255 Proceedings. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). "A petitioner makes a substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir.2009) (quotation marks omitted).

Reasonable jurists would not dispute that Weir is not entitled to relief. Accordingly, the Court will not issue a certificate of appealability. If Weir wishes to appeal this Court's ruling, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure 22.

## VI.

*Ergo,* Petitioner Rickey E. Weir's Motion to Vacate, Set Aside, or Correct Sentence is DISMISSED.

The Clerk is directed to inform the Petitioner.

The Court declines to issue a certificate of appealability.

CASE CLOSED.

IT IS SO ORDERED.