CLD-175                                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-3493

_____

HECTOR SANDOVAL,
                                        Appellant

v.

WARDEN MOSHANNON VALLEY CORRECTIONAL CENTER

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-15-cv-00237)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 10, 2016

Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed:  March 16, 2016)

_____

OPINION[*]

_____

PER CURIAM

        Pro se appellant Hector Sandoval, a federal prisoner currently confined at the

Moshannon Valley Correctional Center, appeals from an order of the United States

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

District Court for the Western District of Pennsylvania dismissing his petition for habeas corpus under 28 U.S.C. § 2241. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2002, Sandoval was convicted in the Central District of Illinois of kidnapping in violation of 18 U.S.C. § 1201(a)(1) and carrying a firearm during and in relation to a violent crime in violation of 18 U.S.C. § 924(c)(1)(A). At trial, Frank Rivas testified that Sandoval's uncle, Marcelo Sandoval, kidnapped him and confined him in Marcelo's home (to punish him for stealing drugs), where Sandoval held him at gunpoint. Eventually, the police entered the home, rescued Rivas, and arrested Marcelo and Sandoval. Sandoval testified that he was just visiting his uncle and was not involved in the kidnapping, but as noted above, the jury found him guilty. See Sandoval v. United States, 574 F.3d 847, 849 (7th Cir. 2009). Sandoval was sentenced to a total of 241 months' imprisonment. He appealed, and the Seventh Circuit affirmed. See United States v. Sandoval, 347 F.3d 627, 629 (7th Cir. 2003).

Sandoval then filed a motion under 28 U.S.C. § 2255 in the District Court. Among other things, he claimed that his attorney had performed ineffectively by failing to call two witnesses — Geronimo Cruz and Carlos Rodriguez — who, he said, would

2

have testified that he had spent the majority of the time preceding his arrest at places other than his uncle's home. The District Court denied the claim. The Court first ruled that Sandoval, rather than providing an affidavit from either witness, had merely submitted his own self-serving affidavit. The Court also ruled that even if Sandoval had presented affidavits, he could not show that he was prejudiced by his counsel's failure to call these witnesses because they "would not have provided an adequate defense because [they] could not have explained his whereabouts during the entirety of the kidnapping." Sandoval v. United States, No. 04-CV-4056, 2007 WL 2937124, at *3 (C.D. Ill. Sept. 26, 2007). Sandoval appealed, and the Seventh Circuit denied his request for a certificate of appealability as to that claim. See Sandoval, 574 F.3d at 849.

Sandoval has since repeatedly sought authorization from the Seventh Circuit to file a successive motion under § 2255. The Seventh Circuit has rejected each request, and in August 2014, the Court fined Sandoval $500 and barred him from filing any further civil suits until he paid that sanction. See 7th Cir. No. 14-2712.

In 2015, Sandoval filed the petition under § 2241 that is at issue in this appeal. In this petition, Sandoval again argued that his counsel had been ineffective for failing to call Cruz and Rodriguez. This time, Sandoval provided affidavits from those witnesses; as Sandoval averred in his § 2255 proceedings, the witnesses placed him away from his uncle's house during much of the kidnapping. The District Court (approving and adopting a Magistrate Judge's report and recommendation) dismissed the petition,

3

concluding that Sandoval's claims could be raised only, if at all, in a § 2255 motion. Sandoval then filed a timely notice of appeal.

We agree with the District Court's disposition of this case. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). As we have explained, "under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." Cradle, 290 F.3d at 538 (quoting § 2255(e)).

A federal prisoner can seek relief under 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of his detention. We have said that this occurs "where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. This exception is narrow and applies in only rare circumstances. See In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997).

Sandoval argues that this exception applies here. He contends that the affidavits from Cruz and Rodriguez represent newly discovered evidence of his innocence, but that he cannot place this evidence before a court because he raised his ineffectiveness claim in his initial § 2255 motion, and AEDPA mandates the dismissal of any claim that was presented in a prior motion. See 28 U.S.C. § 2244(b)(1). We are not persuaded by Sandoval's argument. As we have frequently stressed, § 2255 is not "'inadequate or

4

ineffective' so as to enable a . . . petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Okereke, 307 F.3d at 120 (quoting In re Dorsainvail, 119 F.3d at 251). Moreover, as Sandoval acknowledges, the District Court previously rejected his ineffectiveness claim on the merits, concluding that the claim would fail even if he had presented the evidence that he has now secured. Because Sandoval "did have a meaningful opportunity to present his claim to the District Court, his § 2255 remedy cannot be said to be either inadequate or ineffective." United States v. Brooks, 230 F.3d 643, 649 (3d Cir. 2000); see also Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam) (holding that § 2241 petitioner could not raise issues that "either had been, or could have been, decided in his previous habeas action").

Accordingly, we will summarily affirm the District Court's judgment.