NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 31, 2017
Decided November 3, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-4164

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 14 CR 561-1 |
| MARIO BARJAS CARBAJAL, | |
| *Defendant-Appellant*. | Samuel Der-Yeghiayan, *Judge*. |

**O R D E R**

Mario Barjas Carbajal began sexually abusing his stepdaughter when she was seven years old. Over the next seven years, he beat her whenever she refused his advances or tried to get help, and he impregnated her three times (the first and third pregnancies resulted in the birth of a child; the second ended in a miscarriage when he punched her in the stomach). At one point he evaded authorities by fleeing Virginia with the girl and their family. Carbajal pleaded guilty to crossing state lines with intent to engage in a sexual act with a minor under 12 years of age, see 18 U.S.C. § 2241(c), and was sentenced to 55 years' imprisonment, below the guidelines term (and statutory maximum) of life imprisonment.

Carbajal filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and seeks to withdraw. See *Anders v. California*, 386 U.S. 738 (1967). Carbajal filed a copy of a letter that he sent to counsel disagreeing with her proposal to submit an *Anders* brief, and we construe that filing as his opposition to counsel's motion. See CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might involve. Because the analysis in counsel's brief appears to be thorough, we limit our review to the subjects that she discusses and that Carbajal identifies in his submission. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first tells us that she has consulted with Carbajal, and he wants his guilty plea set aside, and so she considers challenging whether the plea was knowing and voluntary. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). She and Carbajal both consider, for instance, whether he could argue that he did not understand the plea proceedings (his native language is Spanish). Carbajal asserts, specifically, that he did not comprehend that he could be sentenced to a "draconian" prison term (he says that he thought he was pleading guilty in exchange for a "presumed ten-year sentence").

But counsel properly concludes that any challenge to the voluntary or knowing nature of the plea would be frivolous. As Carbajal's responses (via a translator) at the plea colloquy reflect, he did not have trouble understanding the proceedings. The judge informed Carbajal of the potential penalties, including a minimum sentence of 30 years and a maximum of life, and explained that the court would have to calculate and consider the guidelines range before choosing a sentence. See FED. R. CRIM. P. 11(b)(1)(H)–(I), (M). As required under Federal Rule of Criminal Procedure 11, the judge also advised Carbajal of the nature of the charge, the trial rights he was waiving, and the risk of removal. See FED. R. CRIM. P. 11(b)(1); *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). Additionally, the judge ensured that an adequate factual basis for Carbajal's guilty plea existed and that he entered into the plea voluntarily. See FED. R. CRIM. P. 11(b)(2)–(3). The court omitted only one item: it did not tell Carbajal that his sworn statements during the colloquy could be used in a perjury prosecution, see FED. R. CRIM. P. 11(b)(1)(A), but that error was harmless because no prosecution is pending or anticipated. See *United States v. Blalock*, 321 F.3d 686, 689 (7th Cir. 2003); *United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996).

Carbajal relatedly suggests that the district court erred by not informing him at the plea colloquy that, as a Mexican citizen, he had a right to communicate with the

Mexican consulate. Article 36 of the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261, provides that arresting authorities must inform a foreign national upon his arrest that he has a right to contact his consulate. See *Mordi v. Ziegler*, 770 F.3d 1161, 1162 (7th Cir. 2014); *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). Because the obligation to inform a foreign national of his rights under the Vienna Convention rests solely with the arresting authority (here, the federal government), and not the court, it would be frivolous for Carbajal to argue that the district court erred by not informing him of those rights. See *Sandoval*, 574 F.3d at 850.

Next counsel considers whether Carbajal could challenge his sentence but properly concludes that an appellate claim would be frivolous. Carbajal's 55-year sentence is presumed reasonable because it is below the correctly calculated guidelines term (life imprisonment, based on a total offense level of 48, capped at 43, and a criminal history category of I). See *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Mbaye*, 827 F.3d 617, 622 (7th Cir. 2016). We agree with counsel that the record provides no basis to disturb this presumption. The court adequately addressed the sentencing factors in 18 U.S.C. § 3553(a) before arriving at a sentence. It focused on Carbajal's history and characteristics (difficult upbringing, current age, and diminutive stature), his need for training or treatment (sex-offender treatment), and the nature of the crime (traumatic, ongoing rape of a child for years). The court also discussed the need to promote respect for the law and for deterrence, remarking that Carbajal had flouted both federal and state laws by remaining in the United States illegally and evading authorities to continue his crime and that it was important to deter others from engaging in similar conduct.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.